IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWARD TRACHTENBERG,<br>Plaintiff,<br><br>v.<br><br>SMURFIT STONE CONTAINER CORP.,<br>Defendant. | Civil Action No. _____ |

**COMPLAINT, COMPENSATORY AND
INJUNCTIVE RELIEF REQUESTED,
AND JURY DEMAND**

I.  INTRODUCTION.

1.  This is an action for unlawful age discrimination under federal and state law. As set forth herein, the plaintiff was employed as a sales representative by the defendant from July 2003 until October 2006. During this time, he established an excellent work record and outsold other younger employees whom the defendant hired after him. In October of 2006, the defendant terminated the plaintiff, purportedly due to a downturn in business, while at the same time the defendant retained other younger sales representatives with less seniority and lesser sales performance. Plaintiff seeks reinstatement, lost wages, lost benefits, compensatory and consequential damages, punitive damages, liquidated damages, and attorneys' fees.

II. JURISDICTION.

2.  The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 1367. This case arises under a law of the United States, the Age Discrimination in Employment Act, and the Court has pendent jurisdiction over the related state law claims.

1

III.   PARTIES.

3.   The plaintiff, Edward Trachtenberg, is an adult resident of Campton, New Hampshire. He is 63 years of age. His birth date is March 2, 1944.

4.   The defendant, Smurfit Stone Container Corp., is an international producer and seller of paperboard and paper-based packaging products with facilities in Massachusetts, throughout North America, and in Asia.

IV.   STATEMENT OF FACTS.

5.   The plaintiff began work as a sales representative in the defendant's Springfield, Mass., office on or about July 24, 2003. During his tenure with the defendant, the plaintiff was a fully successful employee with an excellent work record who received no discipline of any kind.

6.   At the time the plaintiff began his employment with the defendant, the defendant had two other sales representatives on staff in its Springfield office: Kathy Newman (currently approximately 55 years old), and Tom Copland (currently approximately 60 years old).

7.   Approximately eighteen months after hiring the plaintiff, the defendant hired two younger sales representatives into the Springfield office: Mike Morassi (currently approximately 44 years old), and Dan Williams (currently approximately 54 years old).

8.   On October 31, 2006, the defendant terminated the plaintiff as part of what the Company described as a restructuring of its sales force. The plaintiff was the only sales representative terminated at the Springfield location.

9. At the time of his termination, plaintiff was the oldest sales representative in Springfield and was nineteen years older than later-hired sales representative Mike Morassi and eight years older than later-hired salesperson Dan Williams.

10. The defendant retained Mr. Morassi and Mr. Williams as sales representatives even though the plaintiff had been employed longer with the defendant and even though the plaintiff outsold Mr. Morassi by more than $700,000 in the calendar year 2006.

## V.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. The plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission and the Massachusetts Commission Against Discrimination on or about February 14, 2007.

12. On or about August 30, 2007, the Massachusetts Commission Against Discrimination issued a finding that probable cause exists for crediting the plaintiff's allegations of age discrimination against the defendant.

13. On or about November 15, 2007, the plaintiff requested permission to withdraw his complaint before the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission in order to file a private cause of action in civil court.

14. On or about November 19, 2007, the Massachusetts Commission Against Discrimination dismissed the plaintiff's complaint pursuant to Mass. Gen. Laws c. 151B, § 9 based on Plaintiff's request to file an action in civil court.

## COUNT I

### (Age Discrimination in Employment Act)

The defendant's actions as set forth above, in terminating the plaintiff because of his age while retaining substantially younger employees, constitute violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et. seq.

## COUNT II

### (Age Discrimination - G.L. c. 151B)

The defendant's actions as set forth above constitute unlawful age discrimination in violation of M.G.L. c. 151B § 4(1B).

## COUNT III

### (Age Discrimination - Chapter 93 § 103)

The defendant's actions as set forth above constitute a violation of M.G.L. c. 93 § 103.

## JURY DEMAND

Plaintiff requests a trial by jury on all of his claims.

**WHEREFORE**, plaintiff requests this Honorable Court to order the defendants to reverse and expunge the discriminatory termination the plaintiff suffered; to make the plaintiff whole for lost wages and benefits; to grant the plaintiff future wages and benefits, consequential damages, damages for emotional distress, and punitive damages

arising out of defendants' conduct; to grant the plaintiff his costs and attorneys' fees; and to grant the plaintiff any other relief to which he may be entitled.

Respectfully submitted,

EDWARD TRACHTENBERG,

by his attorneys,

_____
Alfred Gordon, BBO# 630456
Pyle, Rome, Lichten, Ehrenberg &
Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

Dated: February 14, 2008

5